IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | CIVIL NO. 22-00349 SOM/KJM |
| | ) | ORDER AFFIRMING MAGISTRATE |
| Plaintiff, | ) | JUDGE ORDER DENYING COURT |
| | ) | APPOINTED COUNSEL TO |
| vs. | ) | DEFENDANT JAMEY DENISE |
| | ) | JACKSON |
| SEMISUB, INC.; CURTISS EDWARD JACKSON; and JAMEY DENISE JACKSON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER AFFIRMING MAGISTRATE JUDGE ORDER DENYING
COURT APPOINTED COUNSEL TO DEFENDANT JAMEY DENISE JACKSON**

**I.        INTRODUCTION.**

On August 3, 2022, Plaintiff Securities and Exchange

Commission ("SEC") filed the Complaint in this matter.  The SEC

alleges that Defendants Curtiss Edward Jackson and Jamey Denise

Jackson, through Defendant Semisub, Inc., defrauded investors of

more than $1.5 million through an offer and sale of securities in

Semisub.  *See* ECF No. 1.

On September 15, 2022, Jamey Jackson sought court-

appointed counsel in this civil case.[1]  *See* ECF No. 23.  That

_____

[1] The motion also sought to proceed in forma pauperis.  *See*
ECF No. 23.  Because Jamey Jackson did not submit a financial
affidavit accompanying her in forma pauperis request and because
she does not establish why that status is necessary, the court
does not grant her in forma pauperis status and limits its
discussion to her request for appointment of counsel.  As a
Defendant in this action, she incurred no filing fee, and it is
not clear what court-imposed costs she might seek relief from.
The court treats the reference to in forma pauperis status as
confined to establishing a need for court-appointed counsel.  The

motion was denied in a Magistrate Judge's minute order on

September 19, 2022.  *See* ECF No. 24.  The Magistrate Judge could

not have known that Jamey Jackson had submitted to the court an

"Amendment to Motion . . . For Appointment of Counsel" less than

an hour before the minute order was filed.  That amendment was

not filed until after the minute order was filed, meaning that,

in denying the motion, the Magistrate Judge did not consider the

matters raised by the amendment.  *See* ECF No. 26.  Upon receipt

of the amendment, the Magistrate Judge considered it and issued

another minute order that denied the request for appointment of

counsel.  *See* ECF No. 27.  Jamey Jackson then filed the present

objections to that denial.  *See* ECF No. 28.

 Jamey Jackson fails to show that the Magistrate Judge's

order denying appointment of counsel is clearly erroneous or

contrary to law.  The court therefore affirms the order.

---

court is aware that, on December 17, 2021, Jamey Jackson
submitted a financial affidavit in connection with a target
letter she received.  However, that affidavit does not establish
her inability to pay fees associated with the defense of this
action, whatever they may be.  This court cannot tell whether and
to what extent her circumstances have changed since December
2021, although she does say that her circumstances have not
improved.  *See* ECF No. 23, PageID # 136.  Moreover, she did not
even answer the question about cash or money in savings or
checking accounts.  *See* 21mc00477LEK/RT, ECF No. 2.  The court
notes that, according to the allegations in the Complaint, Jamey
Jackson is married to Defendant Curtiss Edward Jackson.  This
court cannot tell from the record whether Jamey Jackson receives
or holds any money from or with her husband.  Under these
circumstances, Jamey Jackson fails to establish that she is
entitled to in forma pauperis status separate and apart from her
request for court-appointed counsel.

**II.        STANDARD.**

Rule 72(a) of the Federal Rules of Civil Procedure
allows a party to object to a nondispositive magistrate judge
order "within 14 days after being served with a copy" of it.
Fed. R. Civ. P. 72(a).  It further provides, "The district judge
in the case must consider timely objections and modify or set
aside any part of the order that is clearly erroneous or is
contrary to law."  *Id.*

Under 28 U.S.C. § 636(b)(1)(A), a district judge may
"reconsider" a magistrate judge's nondispositive pretrial order
if it is "clearly erroneous or contrary to law."  *See also Bhan
v. NME Hosp., Inc.*, 929 F.2d 1404, 1414-15 (9th Cir. 1991)
(stating that § 636(b)(1) "provides that the magistrate's
decision on a nondispositive issue will be reviewed by the
district judge under the clearly erroneous standard").  The Ninth
Circuit has explained, "Pretrial orders of a magistrate under
636(b)(1)(A) are reviewable under the 'clearly erroneous and
contrary to law' standard; they are not subject to de novo
determination.  The reviewing court may not simply substitute its
judgment for that of the deciding court."  *Grimes v. City & Cty.
of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quotation
marks and citations omitted).

The threshold of the "clearly erroneous" test is high.
"A finding is 'clearly erroneous' when although there is evidence

to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *accord Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (stating that, in reviewing for clear error, "a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed" (quotation marks and citation omitted)); *United States v. Hylton*, 30 F.4th 842, 846 (9th Cir. 2022) (reviewing a district court's findings of facts with respect to a denial of a motion to suppress and stating, "Review under the clearly erroneous standard is significantly deferential, requiring for reversal a definite and firm conviction that a mistake has been committed." (quotation marks and citation omitted)); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 655 (9th Cir. 2009) ("Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." (quotation marks and citation omitted)).

"'A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard.'"  *Green v. Kanazawa*, 2018 WL 5621953, at *3 (D. Haw. Oct. 30, 2018) (quoting *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008)).

4

**III.        ANALYSIS.**

The Magistrate Judge's determination that Jamey Jackson

is not entitled to court-appointed counsel is not clearly

erroneous or contrary to law.

There is generally no constitutional right to counsel

in a civil case.  *See Adir Int'l, LLC v. Starr Indem. & Liab.*

*Co.*, 994 F.3d 1032, 1038 (9ᵗʰ Cir. 2021); *United States v. 30.64*

*Acres of Land, More or Less, Situated in Klickitat Cnty., State*

*of Wash.*, 795 F.2d 796, 801 (9ᵗʰ Cir. 1986); *see also Lassiter v.*

*Dept of Soc. Serv.*, 452 U.S. 18, 25 (1981) ("The pre-eminent

generalization that emerges from this Court's precedents on an

indigent's right to appointed counsel is that such a right has

been recognized to exist only where the litigant may lose his

physical liberty if he loses the litigation.").

Pursuant to 28 U.S.C. § 1915(e)(1), a district court

has discretion to "request an attorney to represent any person

unable to afford counsel."  "[A] court may under 'exceptional

circumstances' appoint counsel for indigent civil litigants

pursuant to 28 U.S.C. § 1915(e)(1).  When determining whether

'exceptional circumstances' exist, a court must consider the

likelihood of success on the merits as well as the ability of the

petitioner to articulate his claims pro se in light of the

complexity of the legal issues involved.  Neither of these

considerations is dispositive and instead must be viewed

together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)

(quotation marks and citations omitted).  In other words,

"exceptional circumstances" exist when a party is unable to

articulate likely meritorious claims or defenses on a pro se

basis given the complexity of the legal issues involved.  *See*

*Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 925 (9th

Cir. 2017).  Jamey Jackson has not met that standard under the

circumstances presented here.

        Counts I through III of the Complaint assert a

violation of 15 U.S.C. § 77q(a)(1)-(3), which makes it

> unlawful for any person in the offer or sale
> of any securities (including security-based
> swaps) or any security-based swap agreement
> (as defined in section 78c(a)(78) of this
> title) by the use of any means or instruments
> of transportation or communication in
> interstate commerce or by use of the mails,
> directly or indirectly-
>
> (1) to employ any device, scheme, or artifice
> to defraud[;] or
>
> (2) to obtain money or property by means of
> any untrue statement of a material fact or
> any omission to state a material fact
> necessary in order to make the statements
> made, in light of the circumstances under
> which they were made, not misleading; or
> (3) to engage in any transaction, practice,
> or course of business which operates or would
> operate as a fraud or deceit upon the
> purchaser.

15 U.S.C. § 77q (West).

        Counts IV, V, and VI assert violations of 15 U.S.C.

§ 78j(b) and 17 C.F.R. § 240.10b-5(a).  Section 78j(b) makes it

> unlawful for any person, directly or
> indirectly, by the use of any means or
> instrumentality of interstate commerce or of
> the mails, or of any facility of any national
> securities exchange–
>
> . . . .
>
> (b)To use or employ, in connection with the
> purchase or sale of any security registered
> on a national securities exchange or any
> security not so registered, or any
> securities-based swap agreement1 any
> manipulative or deceptive device or
> contrivance in contravention of such rules
> and regulations as the Commission may
> prescribe as necessary or appropriate in the
> public interest or for the protection of
> investors.

Under 17 C.F.R. § 240.10b-5(a), it is "unlawful for any person,

directly or indirectly, by the use of any means or

instrumentality of interstate commerce, or of the mails or of any

facility of any national securities exchange, (a) To employ any

device, scheme, or artifice to defraud."

Jamey Jackson is not named as a Defendant with respect

to Counts II and V of the Complaint.

The SEC seeks permanent injunctions preventing

Defendants from violating 15 U.S.C. § 77q(a)(1)-(3), 15 U.S.C.

§ 78j(b) and 17 C.F.R. § 240.10b-5(a), disgorgement of ill-gotten

gains, and civil penalties.  *See* 15 U.S.C. §§ 78u(d)(1), (3),

(5), and (7).

Jamey Jackson's Objection, ECF No. 28, demonstrates

that she is able to articulate legal positions.  That is, she is

capable of citing legal propositions that are on point and clearly articulated.  While she may have received help in drafting her filings, that does not justify appointment of counsel based on exceptional circumstances.  This court simply cannot conclude from the present record that Jamey Jackson will be unable to articulate her legal positions later in this case.

Jamey Jackson also fails to demonstrate that the issues in this case are so complex that she will be unable to continue to clearly articulate legal positions on a pro se basis.  Her argument essentially amounts to an assertion that all cases involving securities laws are so complex and nuanced that an experienced attorney is necessary.  However, that is not necessarily the case with respect to the allegations in the present case, which center around alleged fraudulent activity.

Jamie Jackson's bald assertion that her defenses will be meritorious is insufficient for this court to make any determination as to the likelihood that her defense will or will not succeed.

Similarly, her conclusion that she has made reasonable efforts to find an attorney to represent her on financial terms she can afford is unpersuasive because it lacks the detail necessary for this court to determine the accuracy of that conclusion.  The court encourages her to continue to contact attorneys, if she does not wish to process pro se.

Jamey Jackson's assertion that having to litigate this case from her home in Florida is an exceptional circumstance is also unpersuasive.  She has demonstrated the ability to have documents filed by sending them to the court electronically.  Moreover, many of the court's hearings are conducted via video.

Finally, Jamey Jackson's assertion that pretrial publicity in this case is making it more difficult for her to obtain employment is not persuasive.  She does not detail her efforts to obtain employment such that this court can evaluate her claimed difficulties.  Nor has she demonstrated an inability to proceed without paying for counsel.

Jamey Jackson's request for appointment of counsel in this civil case is denied.  This court does not see in the record before it exceptional circumstances justifying the appointment of counsel.

IV.      CONCLUSION.

This court affirms the Magistrate Judge's order denying Jamey Jackson's request for court-appointed counsel in this civil case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 5, 2022



   /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*SEC v. Semisub, Inc., et al.*, Civ. No. 22-00349 SOM/KJM; ORDER AFFIRMING MAGISTRATE JUDGE ORDER DENYING COURT APPOINTED COUNSEL TO DEFENDANT JAMEY DENISE JACKSON