IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CIVIL NO. 22-00349 SOM/KJM |
| Plaintiff, | ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S UNOPPOSED MOTION TO STRIKE |
| vs. | ) ) | DEFENSES ASSERTED BY JAMEY JACKSON |
| SEMISUB, INC.; CURTISS EDWARD JACKSON; and JAMEY DENISE JACKSON, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S UNOPPOSED MOTION TO STRIKE DEFENSES ASSERTED BY JAMEY JACKSON**

**I.       INTRODUCTION.**

On August 3, 2022, Plaintiff Securities and Exchange Commission ("SEC") filed the Complaint in this matter.  The SEC alleges that Defendants Curtiss Edward Jackson and Jamey Denise Jackson, through Defendant Semisub, Inc., defrauded investors of more than $1.5 million through an offer and sale of securities in Semisub.  *See* ECF No. 1.

On September 6, 2022, Jamey Jackson filed an Amended Answer.  *See* ECF No. 79.  Although she states that she is amending her previous Answer by adding to it, *id.*, PageID # 79, "the general rule is that an amended [pleading] supercedes the original [pleading] and renders it without legal effect. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Even if Jamey Jackson could be said to have incorporated her original

Answer into her amended one, the original Answer simply stated that she is undergoing care for mental issues and is therefore unable to answer the Complaint. It therefore asked for dismissal of the claims asserted against her. *See* ECF No. 16. In this case, because Jamey Jackson has filed an Amended Answer despite her medical conditions, the court deems Jamey Jackson's Amended Answer to have completely superseded her original Answer. If Jackson needs relief from this action due to a medical condition, she may seek a stay of this proceeding, provided that she establishes the basis for such a stay.

On September 9, 2022, the SEC filed a motion to strike parts of all Defendants' Answers. *See* ECF No. 20. However, at this point, only the parts pertaining to Jamey Jackson remain before this court. *See* ECF No. 57, PageID # 260. Although Jamey Jackson did not oppose the motion, the court grants the motion only in part and denies it in part, striking Jamey Jackson's laundry list of defenses. In all other respects, the motion is denied.

**II.        STANDARD.**

Under Rule 12(f) of the Federal Rules of Civil Procedure, the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," on its own or upon a motion made by a party. Fed. R. Civ. P. 12(f). Courts have defined those terms. For example, a

defense is insufficiently pled when it fails to provide a plaintiff with "fair notice" of the nature of the defense. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Philpot v. World Pub. Libr. Ass'n*, 2018 WL 3422777, at *1 (D. Haw. June 25, 2018), *report and recommendation adopted*, 2018 WL 3420795 (D. Haw. July 13, 2018).  "Fair notice" requires a defendant to "simply state the nature and grounds for the affirmative defense."  *Kamakeeaina v. City & Cty. of Honolulu*, 2013 WL 816411, at *3 (D. Haw. Feb. 15, 2013), *adopted by*, 2013 WL 816090 (D. Haw. Mar. 5, 2013).  Put another way, "fair notice" requires describing a defense in "general terms."  *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015).[1]  "While in some cases, merely naming a particular defense will be sufficient to satisfy the notice pleading standard, other affirmative defenses require greater specificity, including additional factual allegations, in order to be properly pleaded."  *Ganley v. Cnty. of San Mateo*, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007).  "But simply stating that the plaintiff failed to state a claim is insufficient to provide notice of a specific affirmative defense."  *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019).

---

[1] As a post-*Iqbal* and *Twombly* case, *Kohler* implicitly rejects any argument requiring the use of a plausibility standard when pleading affirmative defenses.  *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

A matter is "redundant" when it needlessly repeats other averments or is foreign to the issue. *See Walter-Cook v. Integrated Health Res., LLC*, 2012 WL 4461159, at *1-2 (D. Haw. Aug. 10, 2012); *Cape Flattery Ltd. v. Titan Mar. LLC*, 2012 WL 3113168, at *4 (D. Haw. July 31, 2012); *Sligher v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011). A matter is "immaterial" when it has "no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). A matter is "impertinent" when it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* Finally, a matter is "scandalous" when it "'improperly casts a derogatory light on someone, most typically on a party to the action.'" *Guerrero v. Halliburton Energy Servs., Inc.*, 231 F. Supp. 3d 797, 802 (E.D. Cal. 2017) (quoting *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003)).

The purpose of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft* Co., 618 F.3d 970, 973 (9th Cir. 2010) (quotation marks and citation omitted). A Rule 12(f) motion to strike is a "'severe measure and is generally viewed

4

with disfavor.'" *Ehart v. Lahaina Divers Inc.*, 2022 WL 1472048, at *6 (D. Haw. May 10, 2022), *reconsideration denied*, 2022 WL 2716219 (D. Haw. July 13, 2022) (quoting *United States v. 729.773 Acres of Land*, 531 F. Supp. 967, 971 (D. Haw. 1982)).

In considering a motion to strike, the court "'views the challenged pleadings in the light most favorable to the [non-moving party].'" *Id.* (quoting *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998)); *see also Philpot v. World Pub. Libr. Ass'n*, 2018 WL 3422777, at *1 (D. Haw. June 25, 2018) ("When ruling on a motion to strike, the court must view the pleading in question in the light most favorable to the non-moving party"). "Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials judicially noticed." *Jeanniton v. City & Cnty. of Honolulu*, 2021 WL 3409184, at *3 (D. Haw. Aug. 4, 2021); *Est. of Hirata v. Ida*, 2011 WL 3290409, at *2 (D. Haw. June 14, 2011), *report and recommendation adopted as modified*, No. CIV. 10-00084 LEK, 2011 WL 3290404 (D. Haw. July 29, 2011). "A matter will not be stricken from a pleading unless it is clear that it can have no possible bearing on the subject matter of the litigation." *Jeanniton*, 2021 WL 3409184, at *3.

### III.     ANALYSIS.

#### A.    Bad Faith.

In her Amended Answer, Jamey Jackson says that she has received a target letter from the U.S. Department of Justice, notifying her that she is currently under investigation for crimes based on the same facts at issue in this case. *See* ECF No. 18, PageID # 80. She claims that the Government has already raided Semisub's offices and seized its financial records. *Id. PageID* # 83. Jamey Jackson argues that this civil case was filed in bad faith to retaliate against her for her rejection of a plea offer and to improperly obtain discovery that can be used against her in the criminal case. She says that is why she has refused to answer the Complaint, instead invoking her Fifth Amendment right to remain silent and to decline to give evidence against herself. *Id.*, PageID #s 79-80.

The SEC seeks to strike Jamey Jackson's reference to bad faith, arguing that it paints the SEC in such a bad light that it is "scandalous" for purposes of Rule 12(f). Notwithstanding Jamey Jackson's lack of opposition, this court does not view the SEC as having met its burden as the moving party on this particular issue.

While the Government may conduct parallel criminal and civil proceedings without violating a person's due process rights, *see United States v. Kordel*, 397 U.S. 1, 11 (1970), it

may do so only as long as it is not acting in bad faith.  *See United States v. Stringer*, 535 F.3d 929, 936 (9th Cir. 2008).  The Ninth Circuit has noted that "the government may act in bad faith if it brings a civil action solely for the purpose of obtaining evidence in a criminal prosecution and does not advise the defendant of the planned use of evidence in a criminal proceeding."  *Id.* at 937.  Viewed in the in the light most favorable to Jamey Jackson, the pleading sufficiently asserts the possibility that the SEC brought this civil action solely for the purpose of obtaining evidence in the criminal prosecution.  The record does not support a ruling that Jamey Jackson's "bad faith" reference is "scandalous" or otherwise improper for purposes of Rule 12(f).  Of course, this court is not saying that the SEC is in fact proceeding in bad faith, only that Jamey Jackson has sufficiently alleged facts to fairly put the SEC on notice of her assertion that it is proceeding in bad faith.

Nor is this court ruling that Jamey Jackson properly refused to answer the factual allegations in the Complaint.  That is not an issue before the court at this time.  Additionally, while *Stringer* involved the dismissal of a criminal indictment, a stay of this civil case may be more appropriate than dismissal as a way to guard against self-incrimination during the pendency of a criminal matter.  This court does not have before it evidence

pertaining to the status of any criminal case against Jamey Jackson, only her representations as to such evidence.

### B. Forum Non Conveniens/Improper Venue.

Counts I through III of the Complaint assert a violation of 15 U.S.C. § 77q(a)(1)-(3). Under 15 U.S.C. § 77v(a), "[a]ny such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."

Counts IV, V, and VI assert violations of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(a). Under 15 U.S.C. § 78aa, a suit alleging such violations "may be brought ... in the district wherein the defendant is found or is an inhabitant or transacts business."

The Government claims that venue is proper for the claims asserted in this case because Curtiss Jackson has admitted that he resides in Honolulu, Hawaii, and Semisub, Inc., has admitted that its principal place of business is in Honolulu, Hawaii. *See* ECF No. 15, PageID # 54. While venue therefore appears proper, the court cannot say, despite the admissions of co-Defendants, that Jamey Jackson's defense of improper venue

8

should be stricken based on the record. *See Sec. Inv. Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) ("Under the co-conspirator venue theory, where an action is brought against multiple defendants alleging a common scheme of acts or transactions in violation of securities statutes, so long as venue is established for any of the defendants in the forum district, venue is proper as to all defendants. This is true even in the absence of any contact by some of the defendants in the forum district."). Jamey Jackson should not be foreclosed from challenging the admissions of Curtiss Jackson and Semisub, Inc., going to venue in this case. The court therefore declines to strike her improper venue defense.

    The SEC also seeks to strike Jamey Jackson's defense of forum non conveniens. This court declines to do so. In 28 U.S.C. § 1404(a), Congress codified the common law doctrine of forum non conveniens. The statute says, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." While it may appear at this time that parties and witnesses are located in Hawaii, Jamey Jackson should have the opportunity to seek the transfer of this case to another district, if the facts support such a transfer.

9

## C. Indispensable Party.

The SEC alleges that Defendants Curtiss and Jamey Jackson, through Defendant Semisub, **Inc.**, defrauded investors of more than $1.5 million through an offer and sale of securities in Semisub. *See* ECF No. 1. Jamey Jackson's Amended Answer argues that this case should be dismissed for failure to join an indispensable party because "plaintiff has failed to name Semisub, **LLC,** as a party defendant." *See* ECF no. 18, PageID # 81 (emphasis added).

The Complaint alleges that "Semisub LLC is organized in California and has a principal place of business in Honolulu, Hawaii. During the relevant time period, it was managed by Semisub [Inc.] and was formed ostensibly to own and construct Semisub One . . . , a partially submersible vessel that would be used for commercial sightseeing tours in Hawaii." ECF No. 1, PageID # 5. The Complaint alleges that Semisub's "main source of funding was money raised from investors through the sale of securities." *Id.*, PageID # 8. It alleges that, from January 2017 through February 2022, the Jackson Defendants spent approximately a third of the $4.7 million raised on personal expenses, including rent, mortgages, car leases, food and groceries, psychics and recreational drugs, and vacations and other travel-related expenses. *Id.*, PageID #s 11-14.

Joinder of parties is governed by Rule 19(a) of the Federal Rules of Civil Procedure:

> **(a) Persons Required to Be Joined if Feasible**.
>
> (1) *Required Party*.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Under Rule 19(b) of the Federal Rules of Civil Procedure, when

> a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:

>> (A) protective provisions in the judgment;
>
>> (B) shaping the relief; or
>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

The Ninth Circuit has explained that, in applying Rules 19(a) and (b), there are three successive inquiries: First, the court must determine whether under Rule 19(a) a nonparty should be joined as a necessary party--a person with an interest in the controversy who ought to be made a party for the court to act. Second, if a person is a necessary party, the court must determine whether it is feasible to order the absent person to be joined. Third, if joinder is not feasible, the court must determine whether the case can proceed without the absentee or whether the absentee is an "indispensable party" such that the action must be dismissed. *See EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).

The SEC argues that Semisub LLC is not an indispensable party because it has no interest in this controversy, which pertains to a scheme to defraud investors in Semisub, Inc. The SEC further argues that, even if Semisub LLC should be joined in this action, joinder is feasible, and any joinder would be fatal

12

to Jamey Jackson's defense based on the alleged initial failure to join an indispensable party.

While Jamey Jackson does not oppose this part of the motion, the court declines to strike her defense of failure to join an indispensable party given the preliminary nature of the record before the court. Essentially, the SEC is arguing that Jamey Jackson's indispensable party defense is "immaterial," having "no essential or important relationship to the claim for relief or the defenses being pleaded," or "impertinent," consisting of matters that "do not pertain, and are not necessary, to the issues in question." *Fantasy*, 984 F.2d at 1527. But this court has before it only the SEC's representations of Semisub LLC's conduct and main place of business. This court cannot tell with certainty that the facts are as alleged by the SEC in its Complaint. Accordingly, the court declines to strike Jamey Jackson's indispensable party defense, as it is not "clear that it can have no possible bearing on the subject matter of the litigation." *See Jeanniton*, 2021 WL 3409184, at *3. It may well be that the SEC will prevail on the merits of this defense, but Jamey Jackson has given fair notice of the defense, and the parties may conduct discovery with respect to it, if appropriate, and/or file a dispositive motion based on the merits of the defense.

13

Of course, this ruling does not preclude Jamey Jackson from seeking to join Semisub LLC as a necessary party.

### D. Other Defenses.

Jamey Jackson lists a number of other defenses:

> (a) failure to state a claim upon which relief can be granted; (b) failure to mitigate; (c) ratification, unclean hands, accord and satisfaction, mistake, and the terms of the agreement; (d) assumption of the risk; (e) waiver, releases, illegality, and/or estoppel; (f) fault of others; and ([g]) any and all other affirmative defenses that may arise during discovery, including but not limited to those set forth in Rule 8, Federal Rules of Civil Procedure.

ECF No. 18, PageID #s 83-84. The SEC argues that these defenses are insufficiently pled and factually unsupported. This court agrees that they are insufficiently pled, as nothing in the Amended Answer "state[s] the nature and grounds for the affirmative defense[s]." *Kamakeeaina*, 2013 WL 816411, at *3. Moreover, Jamey Jackson has failed to point to anything supporting any of these defenses. This court is left with conclusory statements similar to the "failure to state a claim" defense rejected in *Garcia*, 918 F.3d at 1008. The court therefore grants the SEC's unopposed motion with respect to this laundry list of defenses, giving Jamey Jackson leave to file a Second Amended Answer setting forth enough facts to provide the SEC with fair notice of the defenses. *See Wyshak*, 607 F.2d at 826 (holding that, in the absence of prejudice, leave to amend

should be freely granted when any affirmative defense is stricken).

**IV.     CONCLUSION.**

The court strikes Jamey Jackson's laundry list of defenses, specifically:

> (a) failure to state a claim upon which relief can be granted; (b) failure to mitigate; (c) ratification, unclean hands, accord and satisfaction, mistake, and the terms of the agreement; (d) assumption of the risk; (e) waiver, releases, illegality, and/or estoppel; (f) fault of others; and ([g]) any and all other affirmative defenses that may arise during discovery, including but not limited to those set forth in Rule 8, Federal Rules of Civil Procedure.

ECF No. 18, PageID #s 83-84.  However, she is given leave to file a Second Amended Answer that alleges sufficient facts to put the SEC on notice of the bases of these defenses.  Any such Second Amended Answer must be filed no later than November 21, 2022.  Before asserting any particular defense, Jamey Jackson should examine the viability of the defense.  For example, it is not clear that the SEC has an obligation to mitigate in this case.  Similarly, it is not clear how ratification, accord and satisfaction, mistake, terms of the agreement, assumption of the risk, waiver, release, illegality, or estoppel might apply.

15

In all other respects, the SEC's motion to strike is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 25, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*SEC v. Semisub, Inc., et al.*, Civ. No. 22-00349 SOM/KJM; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S UNOPPOSED MOTION TO STRIKE DEFENSES ASSERTED BY JAMEY JACKSON