# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Securities and Exchange Commission, | CIVIL NO. 22-00349-SOM-KJM |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF MOTION** |
| vs. | |
| Semisub, Inc., Curtiss Edward Jackson, and Jamey Denise Jackson, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF MOTION

## I.   BACKGROUND.

On October 20, 2022 the Government filed an Eight-Count Indictment in a criminal case entitled *United States of America v. Curtiss E. Jackson and Jamey Denise Jackson;* Cr. No. 22-00093 JMS, alleging those named defendants committed: (1) Securities Fraud in violation of 15 U.S.C. §§ 78(b) and 78ff, and 17 C.F.R. § 240.10b-5; (2) Conspiracy to Commit Mail Fraud and Wire Fraud in violation of 18 U.S.C. § 1349; (3) Mail Fraud in violation of 18 U.S.C. § 1341; and (4) Wire Fraud in violation of 18 U.S.C. § 1343 ("Criminal Case").  The Criminal Case allegedly involved the sale of securities, including common stock, preferred stock and promissory notes, all issued by Defendant SEMISUB, INC. ("Semisub") to fund the construction and operation of one or more vessels to conduct tour

operations on the open sea.  Defendant CURTISS EDWARD JACKSON

("C. Jackson") has an ownership interest in Semisub, and is primarily responsible

for Semisub One, the first vessel constructed by Semisub that incorporates

technology for its' passengers to observe their underwater surroundings while

comfortably seated in the "viewing pods" of that vessel.

Second, the charges in the Criminal Case are substantially similar to

the causes of action in the Complaint filed herein because they both involve

allegations of "Securities Fraud."  Initially, Semisub and C. Jackson retained

Jody L. Broaddus and Caroline M. Elliot of the law firm Attorneys For Freedom to

defend them against these causes of action.  However, on October 24, 2022 they

were permitted by the Court to withdraw from that representation.  ECF No. 58.  In

granting this request, the Court advised C. Jackson he could represent himself, but

Semisub would be required to retain counsel because it is a corporation.  Based

upon information and belief, to date neither Semisub nor C. Jackson have retained

counsel to represent them in this civil case.

Third, the undersigned was appointed pursuant to the Criminal Justice

Act to represent C. Jackson in the Criminal Case.  The Criminal Case is

substantially based upon the documents seized from the former corporate offices of

Semisub in November of 2021, based upon a Search Warrant issued by United

States Magistrate Judge Rom A. Trader on November 16, 2022, in Case No.

-2-

Mag. No. 21-01348 RT ("Search Warrant").  As a result of that search, the

Government obtained documents (paper and electronically stored on computer

hard drives) and other evidence contained in nineteen (19) boxes ("Discovery").

C. Jackson understands the Discovery was also substantially relied upon by

Plaintiff SECURITIES AND EXCHANGE COMMISSION ("SEC") to form the

basis for the allegations and requests for relief set forth in the Complaint filed

herein.

Finally, since the proceedings herein would materially affect, and

possibly constitutionally violate, C. Jackson's rights in the Criminal Case, the

undersigned received authorization to specially appear herein for the limited

purpose of litigating the instant motion.

## II.   <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>.

It is within the sound discretion of the Court to stay a civil

proceeding pending the outcome of a related criminal case when the interests

of justice require such action.  *See Federal Sav. and Loan Ins. Corp. v.*

*Molinaro,* 889 F.2d. 899, 902 (9th Cir. 1989).

> In determining whether civil proceedings should be stayed in the face
> of parallel criminal proceedings, the court looks to the particular
> circumstances and competing interests involved in the case.  It
> generally considers: (1) the interest of the plaintiffs in proceeding
> expeditiously with this litigation or any particular aspect of it, and the
> potential prejudice to plaintiffs of a delay; (2) the burden which any

particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Securities and Exchange Commission v. Zouvas*, No. CV-17-00427-PHX-SPL, 2018 WL 11241077, at *2 (D. Ariz. Oct. 5, 2018) (internal quotation marks and citations omitted) *quoting Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995).  Thus, the Court should consider the six (6) factors discussed hereinbelow when determining whether to grant a stay.

**A.     Factors to Consider.**

**1.     The interest of the SEC in proceeding expeditiously with this litigation or any particular aspect of it and the potential prejudice to the SEC of a delay.**

The Government has already seized Semisub's business records and computers (i.e. Discovery).  In other words, the actions which are the subject of the proceeding herein occurred in the past.  Therefore, the SEC cannot point to an interest that is unique to this case which would demonstrate prejudice to it.  By contrast, in *Molinaro* the court denied the requested stay because the plaintiff would be prejudiced by such a delay since the defendant therein was continuing to attempt to dispose of his assets.  *Molinaro,* 889 F.2d. at 903.  On the other hand, in this case the SEC has not made any similar allegations against C. Jackson, either in the Complaint, any other court filing, or at a hearing.  There is also no evidence of

any attempt by C. Jackson to "gain an unfair advantage by seeking a stay."

*Walsh Securities, Inc. v. Cristo Property Management, Ltd.,* 7 F.Supp. 2d 523, 528

(D.N.J. 1998).

### 2.   The burden which any particular aspect of the proceedings may impose on C. Jackson.

If this matter is not stayed, C. Jackson will be forced to choose

between exercising his Fifth Amendment Right or waiving that right in order to

adequately defend against this lawsuit.  *See generally Trustees of Plumbers and*

*Pipefitters Nat. Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134,

1140 (S.D.N.Y. 1995) (The plaintiffs have a legitimate interest in the expeditious

resolution of their case, but those interests  are trumped by the defendants' interests

in avoiding the quandary of choosing between waiving their Fifth Amendment

rights or effectively forfeiting the civil case.)  Although C. Jackson acknowledges

there is no prohibition against putting him in this predicament, he urges the Court

to exercise its discretion and stay this civil case until the conclusion of the

Criminal Case.  *See generally Keating*, 45 F.3d at 326.  Otherwise, his

constitutional right to remain silent means that the trier of fact in this civil

proceeding could be instructed that they may draw an adverse inference from his

constitutional right to remain silent.  *See e.g., Baxter v. Palmigiano,* 425 U.S. 308,

318, 96 S.Ct. 1551, 1557, 47 L.Ed.2d 810 (1976).

Second, the protection of C. Jackson's Fifth Amendment Right is of

the utmost importance.  In doing so, the "court should consider the extent to which

the defendant's fifth amendment rights are implicated.'"  *Keating*, 45 F.3d at 324

*quoting Molinaro*, 889 F.2d at 902.  For example, the:

> strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. **The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.**

*Securities and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368,

1375-76 (D.C. Cir. 1980) (emphasis added and footnote omitted).

In other cases where the defendant's Fifth Amendment concerns are

substantial, district courts have exercised their discretion to stay the civil

proceedings until the parallel criminal proceedings were concluded.  *See e.g.,*

*Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008) (A court

may, however, stay parallel civil litigation in these circumstances if the interests of

justice require it.); *ArmorSource LLC v. Kapah*, No. 2:18-CV-905, 2019 WL

1039748, at *2 (S.D. Ohio Mar. 5, 2019); *SEC v. Alexander*,

No. 10-CV-04535-LHK, 2010 WL 5388000, at *3 (N.D. Cal. Dec. 22, 2010); and

*United States v. Pinnacle Quest Int'l*, No. 3:08-CV-136-RV-EMT,

2008 WL 4274498, at *3 (N.D. Fla. Sept. 11, 2008).

In this case, the charges in the Criminal Case against C. Jackson are very serious in nature and could subject him to a substantial term of imprisonment if convicted.  Moreover, C. Jackson would be required, and possibly compelled, to comply with his discovery obligations under the *Federal Rules of Civil Procedure* should he be required to proceed in this case while simultaneously defending the charges in the Criminal Case.  This situation would expand the Government's rights of criminal discovery beyond the limits of Rule 16(b) of the *Federal Rules of Criminal Procedure* and thereby, expose the basis of C. Jackson's defense to the Government in advance of the Trial in the Criminal Case, or otherwise prejudice him in that case.  *See e.g., Dresser Industries, Inc.*, 628 F.2d at 1376.  Therefore, the Court should exercise its discretion and stay the proceedings herein to protect C. Jackson's constitutional rights because justice demands such action.

### 3. The convenience of the court in the management of its cases, and the efficient use of judicial resources.

The prosecution of C. Jackson in the Criminal Case, while simultaneously allowing the SEC to litigate this civil case against him, is not an efficient use of judicial resources.  "Without a stay, interrogatory and deposition discovery would likely cause inefficiency, because [C. Jackson and Defendant JAMEY DENISE JACKSON ("J. Jackson")] will be forced to assert [their] Fifth Amendment privileges." *Walsh Securities, Inc.*, 7 F. Supp. 2d at 528.  That is

exactly what C. Jackson will be compelled to do; assert his Fifth Amendment Rights in this civil case burdening the Court to resolve a steady stream of privilege issues. *Id.* Additionally, while C. Jackson may assert his Fifth Amendment Privilege in this civil case, another defendant, Semisub, cannot.[1]

### 4. The interests of persons not parties to the civil litigation.

The SEC will likely argue that one of the factors weighing against a stay is the interests of the investors that the defendants herein are accused of defrauding. However, as the court stated in *Transworld Mechanical, Inc.*, "this is not a case where a stay of the case will cause serious or immediate injury to those interests. **Because of the overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake here.**" *Transworld Mechanical, Inc.*, 886 F. Supp. at 1140 (emphasis added) *citing Volmar Distributors, Inc. v. The New York Post Co., Inc.*, 152 F.D. R. 36, 40 (S.D.N.Y. 1993).

/ /

/ /

---

[1] It is for this reason that the stay should also apply to Semisub because otherwise, Semisub would be defenseless without C. Jackson's presence to contest the allegations in the Complaint.

**5.     The interest of the public in the pending civil and criminal litigation.**

When the SEC filed the Complaint, they also issued a "Litigation Release".  Its title was "SEC Charges Hawaii-Based Submarine Tour Operator and Its Principals with Offering Fraud and Misappropriation of Investor Funds."[2]  That release was reported by the local media selectively sensationalizing the allegations in the Complaint.[3]  As the court in *Keating* explained, "Governmental entities are frequently aware of the need to reassure the public that they are taking prompt action in response to a crisis.  [However, i]n such high visibility situations, it is especially necessary to guard the rights of defendants, and concern for the public deterrence value of an enforcement proceeding must not be allowed to override the individual defendant's due process rights."  45 F.3d at 326.

**B.     Other Considerations**

Other courts have found additional factors that should be considered.  For example, some of those courts consider the similarity of the civil and criminal actions to be the most important issue dictating whether to

---

[2] Litigation Release No. 25462 issued August 3, 2022.  Last accessed 10/4/22 at https://www.sec.gov/litigation/litreleases/2022/lr25462.htm.

[3] "SEC sues Semisub's founders for fraud, alleging they used investor funds for psychics and drugs".  Hawaii News Now, August 5, 2022.  Last accessed 10/4/22 at https://www.hawaiinewsnow.com/2022/08/06/sec-sues-semisubs-founders-fraud/.

grant a stay. *Walsh Securities, Inc.*, 7 F. Supp. 2d at 527 *citing* Milton

Pollock, *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201, 203

(1989). This factor is crucial because "self-incrimination is more likely if

there is a significant overlap. If there is no overlap, there would be no

danger of self-incrimination and accordingly no need for a stay."

*Transworld Mechanical, Inc.*, 886 F. Supp. at 1139 (citations omitted). The

Criminal Case and this civil litigation are based on the same set of facts and

circumstances. Thus, this factor weighs heavily in favor of a stay.

### III.    <u>CONCLUSION</u>.

For all the foregoing reason, the Court is respectfully requested to

GRANT C. Jackson's *Motion For Stay Of Proceedings Against Defendants*

*Semisub, Inc., And Curtiss Edward Jackson* and stay the proceeding herein until

the conclusion of the Criminal Case.

Dated at Honolulu, Hawaii November 1, 2022.

_ _/s/ Harlan Y. Kimura_ _ _ _ _

Harlan Y. Kimura
Specially Appearing Attorney for Defendant
CURTISS EDWARD JACKSON